IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

ROBERT ADAMCZYK            )
                           )   No. 2-08-0078
v.                         )
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security )


TO:   Honorable John T. Nixon, Senior District Judge


**REPORT AND RECOMMENDATION**

Pending before the Court is the defendant's motion to dismiss (Docket Entry No. 9), to which the plaintiff has filed a response (Docket Entry Nos. 14 and 17), and the defendant has filed a reply (Docket Entry No. 15). Because the Court lacks subject matter jurisdiction over the plaintiff's complaint, the Court finds that the complaint should be dismissed.


**I. INTRODUCTION**

The plaintiff filed an application for Disability Insurance Benefits ("DIB") on August 20, 2001, alleging a disability onset date of May 15, 1999, due to affective disorder, left hand impairment, alcoholism, obsessive compulsive disorder, bipolar disorder, and attention deficit disorder. Docket Entry No. 16-3, at 4. His application was denied initially on November 1, 2001, and upon reconsideration on March 31, 2003. Docket Entry Nos. 16-1, and 16-3, at 4. Upon the plaintiff's request for a hearing dated April 24, 2003 (Docket Entry No. 16-2), a hearing was held before Administrative Law Judge ("ALJ") Jack B. Williams on December 3, 2003, and, on June 21, 2004, the ALJ issued a partially favorable ruling, finding that the plaintiff was not disabled from May 15, 1999, through July 21, 2003, but that he was disabled as of July 22, 2003. Docket Entry No. 16-3. The plaintiff sought review by the Appeals Council to "appeal the established onset date." Docket Entry No. 16-4. On August 20, 2005, the Appeals Council vacated the ALJ's decision,

finding, inter alia, that there was insufficient evidence of the plaintiff's mental impairments and no rationale for finding that the plaintiff's substance abuse is not material to his disability. Thus, the Appeals Council remanded the case to the ALJ to obtain additional evidence and conduct further evaluation. See Docket Entry No. 16-5.

Upon remand, a hearing was scheduled before ALJ Douglas J. Kile on December 3, 2007.[1] The plaintiff did not appear as scheduled.[2] A Notice of Show Cause for Failure to Appeal was sent to the plaintiff on December 6, 2007, and the plaintiff responded on December 11, 2007, that he had had car trouble. Docket Entry Nos. 1, at 2, 1-1, at 2, 16-6, at 5, and 17. By order dated January 24, 2008, the ALJ dismissed the plaintiff's 2003 request for hearing,[3] and held that the March 31, 2003, determination remained in effect. The March 31, 2003, determination was the denial of the plaintiff's request for reconsideration of the initial denial of benefits. Because the Appeals Council had vacated the ALJ's June 21, 2004, decision, and the ALJ dismissed the plaintiff's 2003 request for a hearing, the plaintiff has been denied benefits for any period of time based on his 2001 application. The Appeals Council denied the plaintiff's request for review, Docket Entry Nos. 16-7 and 16-8, and the plaintiff timely filed this action.

## II. DISCUSSION

Sections 405(g) and 405(h) of the Social Security Act ("the Act") provide the exclusive jurisdictional basis for judicial review of Title II cases arising under the Act. There are three requirements for obtaining judicial review under section 405(g): (1) a final decision of the

---

[1] According to the ALJ, a video hearing was initially scheduled before ALJ Williams on May 31, 2007, but was rescheduled before ALJ Kile on December 3, 2007, "due to the [plaintiff's] insistence on a live hearing." Docket Entry No. 16-6, at 5.

[2] The plaintiff has represented that he arrived approximately 25 minutes late to the hearing. Docket Entry No. 1, at 2.

[3] The ALJ referred to the date of that request as May 3, 2003, but it appears that the plaintiff signed the request April 24, 2003, and it was received in the Cookeville Social Security Office on May 5, 2003. See Docket Entry Nos. 16-6, at 1, and 16-2.

Commissioner after a hearing; (2) commencement of a civil action within sixty days after the notice of the final decision is mailed (or within the time frame the Commissioner allows);[4] and (3) filing an action in the appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763-64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991).

> Section 405(h) provides that:
>
> [t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .

The plaintiff has satisfied the last two listed requirements under 42 U.S.C. § 405(g). In regard to the first requirement of finality, the Sixth Circuit noted that:

> [t]he Supreme Court has held that the finality requirement consists of two elements. First a claim for benefits must be presented to the [Commissioner]. This element is jurisdictional, and absent such a claim there can be no review. Second, the decision must be final in that the [plaintiff] has exhausted the administrative remedies prescribed by the [Commissioner]. This element is not jurisdictional and can be waived by the [Commissioner], and in certain circumstances, the court.

Willis, 931 F.2d at 396-97 (citing Bowen v. City of New York, 476 U.S. 467, 482-83, 106 S.Ct. 2022, 2031-32, 90 L.Ed.2d 462 (1986), Mathews v. Eldridge, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976), and Ahghazali v. Secretary of Health & Human Servs., 867 F.2d 921, 924 (6th Cir. 1989)). The Commissioner contends that the plaintiff failed to satisfy the exhaustion prong of the dual pronged finality requirement. The term "final decision" is not defined in the Act and, pursuant to 42 U.S.C. § 405(a), the Commissioner is authorized to define a "'final decision' in whatever fashion deemed necessary for the efficient and effective administration of the Act." Willis, 931 F.2d at 397 (internal citation omitted).

The Commissioner and Congress have established a four step process that "facilitate[s] the orderly and sympathetic administration of disputed claims, [culminating] in a final decision of the [Commissioner] subject to judicial review." Willis, 931 F.2d at 397 (internal citation omitted). See

---

[4] The regulations provide that an action must be filed within 60 days of receipt of the notice. 20 C.F.R. § 404.981.

20 C.F.R. §§ 416.1402-1483. First, a plaintiff is entitled to an initial determination of disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503. Second, the plaintiff may seek de novo reconsideration of that determination. 20 C.F.R. §§ 404.907-921. Third, the plaintiff may seek a de novo hearing before an ALJ. 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.929-961. Fourth, the plaintiff may seek review by the Appeals Council. 20 C.F.R. §§ 404.967-983. The Appeals Council may deny the plaintiff's request for review and adopt the ALJ's decision as the final decision of the Commissioner or the Appeals Council may grant the plaintiff's request for review and issue its own decision. 20 C.F.R. § 404.981. Once the four-step process has been completed, the plaintiff may seek judicial review of the Commissioner's decision by filing an action in federal district court within sixty days of receiving notice of the decision of the Appeals Council. 20 C.F.R. § 404.981. Thus, a plaintiff obtains a judicially reviewable "final decision" of the Commissioner when either the Appeals Council denies the plaintiff's request for review and adopts the ALJ's decision or renders its own decision. Id.

### A. The plaintiff did not exhaust administrative remedies

A hearing was scheduled on December 3, 2007, but neither the plaintiff nor his representative appeared.[5] The factors that an ALJ must consider in determining good cause for failing to appear at a scheduled hearing are provided in 20 C.F.R. § 404.957(b)(2), including "any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which [the plaintiff] may have." The ALJ considered the plaintiff's explanation for failing to appear at the hearing and, applying the factors provided in 20 C.F.R. § 404.957(b)(2), concluded that the plaintiff had failed to show good cause for failing to appear. As a result, the ALJ dismissed the plaintiff's May 2003 request for a hearing, and the Appeals Council denied the plaintiff's request for review of the ALJ's order.

---

[5] The plaintiff's non-lawyer representative was Tracy Adamczyk.

The dismissal of a hearing request is binding unless it is vacated by the ALJ or the Appeals Council. 20 C.F.R. § 404.959. Since the plaintiff did not appear at the December 3, 2007, hearing and the ALJ found that he failed to provide good cause for his failure to appear, he did not complete the administrative review process and thus he did not exhaust the administrative appeal remedies available. The United States Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts. . . . [since the exhaustion requirement] serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). Therefore, the plaintiff's failure to exhaust the administrative remedies, which precluded him from obtaining a judicially reviewable "final decision," leaves this Court no alternative but to dismiss his complaint.

**B. There is no permissible basis for waiver of the exhaustion requirement**

As the Commissioner points out, the United States Supreme Court has held that courts may excuse a plaintiff from exhausting his administrative remedies "in certain special cases," such as those in which the plaintiff raises a challenge that is wholly collateral to his claim for benefits and in which he makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits. Heckler v. Ringer, 466 U.S. 602, 618, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). However, in this case, the plaintiff's allegations are not "wholly collateral" to his benefits claim and he has not asserted a basis for this Court to excuse his failure to exhaust the administrative remedies in place. Therefore, this case is not a "special case" in which failure to exhaust may be excused.

### III. CONCLUSION

As provided in 42 U.S.C. § 405(g), a plaintiff can only obtain judicial review of a "final decision of the [Commissioner] made after a hearing to which he was a party." In this case, the plaintiff's failure to exhaust the four step administrative appeal process precluded him from

5

obtaining a judicially reviewable "final decision," leaving this Court no alternative but to dismiss his complaint.

Although the Act, the regulations, and the case law clearly support dismissal of his complaint, the Court acknowledges that the plaintiff, who is not represented by an attorney, is bewildered and could understandably believe that the dismissal of his complaint is unfair and perhaps even draconian. First, the plaintiff was initially awarded benefits, albeit not for the entire time period he sought. Perhaps believing that he could appeal only a portion of the decision that established his onset date, the plaintiff appealed to the Appeals Council. However, once a plaintiff appeals to the Appeals Council, the entire decision is subject to review. 20 C.F.R. § 404.976. The plaintiff was specifically warned that "even the parts [of the ALJ's decision] with which [he] agree[d]" would be considered by the Appeals Council, and review by the Appeals Council "can make any part of [the ALJ's] decision more or less favorable or unfavorable to you." Docket Entry No. 16-3, at 2. In this case, the Appeals Council vacated the decision of the ALJ awarding benefits and remanded for further proceedings before the ALJ.[6]

Next, the plaintiff failed to appear at the scheduled hearing before the ALJ and the original denial of his benefits became effective. The plaintiff is now left with no ability to exhaust. Although a degree of discretion and/or compassion might have been exhibited, the ALJ's decision to dismiss the plaintiff's request for a hearing and the Appeals Council's decision upholding that decision were based on a proper consideration of 20 C.F.R. § 404.957(b)(2). Thus, this Court is compelled to find that the Commissioner's motion should be granted and the plaintiff's complaint should be dismissed.

---

[6] The decision of the Appeals Council might have been read to signal the death knoll for an award of benefits to the plaintiff, especially since the plaintiff's case was ultimately assigned to a different ALJ.

## IV. RECOMMENDATION

For the above stated reasons, it is recommended that the defendant's motion to dismiss (Docket Entry No. 9) be GRANTED, and that the plaintiff's complaint be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge